UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHRISTOPHER WILSON,      )
                                     )
           Petitioner,        )
                                     )
      v.                      )         1:20-cv-00320-JAW
                                     )
                                     )
STATE OF MAINE,         )
                                     )
           Respondent      )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner, pursuant to 28 U.S.C. § 2254, seeks relief from a state court conviction and sentence. (Petition, ECF No. 1.) Petitioner claims he was deprived of his Fourth Amendment and due process rights, among other grounds for relief. (Petition at 6–9.) The State asks the Court to dismiss the petition. (Response, ECF No. 6.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In October 2016, a criminal complaint was filed against Petitioner for one count of aggravated trafficking in cocaine base and one count of aggravated trafficking in heroin, both in violation of 17-A M.R.S. § 1105(A)(1)(B)(1). (*State v. Wilson*, Me. Super. Ct., KENCD-CR-2016-02658, Docket Record at 1; Complaint.) The grand jury subsequently indicted Petitioner for the same offenses. (Docket Record at 2–3; Indictment, Amended Indictment.) In January 2017, Petitioner moved to suppress evidence against him; the Superior Court denied the motion after an evidentiary hearing. (Docket Record at 2–3.)

The Superior Court held a bench trial in May 2017 after Petitioner waived his right to a jury trial.  (*Id.* at 4.)

At trial, Detective Estes of the Augusta Police Department testified that Detective Provost of the Auburn Police Department contacted him in October 2016 with information from a credible source that two individuals with heroin and cocaine base were traveling to Augusta on a bus arriving between 8:00 and 9:00 that evening.  (Trial Transcript at 13.) Detective Estes also testified that he was given a photograph of one of the men, who was reportedly named Allan.  (*Id.* at 13–14.)  The photograph was not preserved or later admitted as evidence.  (*Id.* at 26.)  Shortly after 8:00 p.m., a bus arrived with two passengers, one of whom Detective Estes recognized from the photograph; the person identified himself as Allan.  (*Id.* at 13–16.)  Petitioner was the other man.  (*Id.*)  Detective Estes detained the two men, a K9 unit alerted on them and their bags, and inside Petitioner's duffle bag, the officers found 5.4 grams of a substance containing cocaine base and 9.7 grams of a substance containing heroin.  (*Id.* at 15–18, 28–35, 70–71.)

The Superior Court found Petitioner guilty on count one and noted that the quantity of cocaine base in Petitioner's possession raised a presumption of trafficking under Maine law.  (*Id.* at 125–27.)  The Superior Court concluded that the evidence concerning the quantity of heroin did not raise the presumption of trafficking under Maine law, but the court concluded Petitioner was guilty of heroin possession, which it determined to be a lesser included offense.  (*Id.* at 123–25.)  Petitioner's attorney did not object to the conclusion that heroin possession was a lesser included offense to the charged crime of aggravated heroin trafficking.  (*Id.* at 125.)

In July 2017, the Superior Court sentenced Petitioner to ten years of imprisonment on count one and four years of imprisonment to be served concurrently on count two. (Docket Record at 5–6; Judgment and Commitment at 1.) In September 2017, the Sentence Review Panel denied Petitioner's application for leave to appeal from the sentence. (*State v. Wilson*, Me. Sent. Rev. Pan., SRP-17-351, Docket Record at 2.) In November 2018, the Maine Law Court affirmed the conviction. (*State v. Wilson*, Me. L. Ct., KEN-17-350, Docket Record at 4; Memorandum of Decision.)

Petitioner filed a state petition for postconviction review in August 2018 and amended petitions in January 2019 and February 2019. (*Wilson v. State*, Me. Super. Ct. KENCD-CR-2018-01791, Docket Record at 1–2.) An evidentiary hearing was held in August 2019. (*Id.* at 4.) In January 2020, the Superior Court denied the petition. (*Id.* at 4–5; Postconviction Decision at 5.) In August 2020, the Maine Law Court granted in part and denied in part Petitioner's application for a certificate of probable cause to appeal the postconviction decision. (*Wilson v. State*, Me. L. Ct., KEN-20-61, Docket Record at 4.) The Law Court determined that Count II should be vacated because the failure to object as to that Count constituted ineffective assistance because the crime of possession of a controlled substance is not a lesser included offense of trafficking under Maine law. (Certificate of Probable Cause Order; Order to Show Cause, ECF No. 1-8 (citing *State v. Hardy*, 651 A.2d 322, 325 (Me. 1994).)

Petitioner subsequently filed the § 2254 petition.

**DISCUSSION**

**A.      Legal Standards**

Under 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state

court may apply to a federal district court for writ of habeas corpus "only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United States."

Absent circumstances not relevant to Petitioner's case, a petitioner is required to

exhaust available state court remedies before he seeks federal habeas review.  28 U.S.C.

§ 2254(b), (c).[1]  "Before seeking a federal writ of habeas corpus, a state prisoner must

exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the

'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."

---

[1] Title 28 U.S.C. § 2254(b) and (c) address exhaustion and state:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> **(A)** the applicant has exhausted the remedies available in the courts of the State;
>> or
>>
>> **(B) (i)** there is an absence of available State corrective process; or
>>
>> **(ii)** circumstances exist that render such process ineffective to protect the rights of
>> the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits,
> notwithstanding the failure of the applicant to exhaust the remedies available in the
> courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be
> estopped from reliance upon the requirement unless the State, through counsel,
> expressly waives the requirement.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the
> courts of the State, within the meaning of this section, if he has the right under the law
> of the State to raise, by any available procedure, the question presented.

*Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted). In *Baldwin,* the Court noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan,* 513 U.S. at 365–66).

To exhaust a claim fully in state court in Maine, a petitioner must request discretionary review by the Law Court. *See* 15 M.R.S. § 2131. The Supreme Court has held that a procedural default bars federal review absent a demonstration of cause for the default and prejudice to the petitioner:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[2]

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized a "narrow exception" to its holding in *Coleman*, based on equity, not constitutional law: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9, 16. However, when the procedural default relates to post-conviction counsel's actions at

---

[2] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition." *Lovins v. Parker,* 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)).

the discretionary-review stage rather than at the initial-review stage of the collateral

proceedings, habeas relief is not available:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial . . . .

*Martinez*, 566 U.S. at 16 (citations omitted).

As to federal habeas claims that were adjudicated on the merits in state court, the

federal court may not grant relief unless (1) the state court decision was contrary to, or an

unreasonable application of, federal law, as determined by the Supreme Court, pursuant to

28 U.S.C. § 2254(d)(1); or (2) the decision was based on an unreasonable determination of

the facts, pursuant to section 2254(d)(2).[3]

As to review of a state court decision under section 2254(d)(1), "[i]t is settled that a

federal habeas court may overturn a state court's application of federal law only if it is so

erroneous that 'there is no possibility fairminded jurists could disagree that the state court's

decision conflicts with this Court's precedents.'" *Nevada v. Jackson,* 569 U.S. 505, 508-

---

[3] Title 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

09 (2013) (per curiam) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)).  "A state

court must be granted a deference and latitude that are not in operation when the case

involves review under the [*Strickland v. Washington*, 466 U.S. 668 (1984)] standard

itself."  *Harrington*, 562 U.S. at 101. Claims of ineffective assistance of counsel are thus

subject to a "'doubly deferential'" standard of review, in deference to both the state court

and defense counsel. *Woods v. Etherton,*  --- U.S. ---,  ---,  136  S.  Ct.  1149,  1151

(2016) (per curiam) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).  State court

determinations of fact "shall be presumed to be correct," and "[t]he applicant shall have

the burden of rebutting the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1).[4]

    In *Strickland*, the Supreme Court set forth the relevant Sixth Amendment standard

by which claims of ineffective assistance based on counsel's errors are evaluated on the

merits; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell

below an objective standard of reasonableness," and that "there is a reasonable probability

---

[4] The decision under review in this case is the Law Court's order affirming the decision of the trial court, because the Law Court's decision is the final state court adjudication on the merits of each claim.  *See Greene v. Fisher*, 565 U.S. 34, 40 (2011) (noting that the last state-court adjudication on the merits of the petitioner's constitutional claim occurred on direct appeal to the state's supreme court); *Clements v. Clark*, 592 F.3d 45, 52 (1st Cir. 2010) ("A matter is 'adjudicated on the merits' if there is a 'decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'") (quoting *Teti v. Bender*, 507 F.3d 50, 56-57 (1st Cir. 2007)).

However, because the Law Court's order did not clearly explain the Court's reasoning, the federal court may consider the trial court's decision:

> We hold that the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale.  It should then presume that the unexplained decision adopted the same reasoning.

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (noting the state may rebut the presumption).

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. A court presumes "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690).

A court considers "the totality of the evidence," and "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 695-96. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

## B.     Fourth Amendment Claim

The Fourth Amendment right against unreasonable searches and seizures "has been declared enforceable against the States through the Due Process Clause of the Fourteenth [Amendment]," and therefore, "it is enforceable against them by the . . . sanction of exclusion [of the evidence] . . . ." *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). However, when a state prisoner has "been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts" that prisoner "may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 489, 494 (1976).

This approach "emphasizes the integrity of the state court proceedings and assumes that the state courts will be as diligent as the federal courts in protecting fourth amendment rights." *Palmigiano v. Houle*, 618 F.2d 877, 882 (1st Cir. 1980). Accordingly, the First Circuit has explained:

> Although a federal habeas court may inquire into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims, its inquiry ordinarily ends upon a determination that those procedures pass muster. Put another way, "a full and fair opportunity" to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations. So long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims. Hence, the mistaken outcome of a state court suppression hearing, standing alone, cannot be treated as a denial of the opportunity fully and fairly to litigate a Fourth Amendment claim (and, thus, cannot open the door to federal habeas review).

*Sanna v. Dipaolo*, 265 F.3d 1, 8–9 (1st Cir. 2001) (internal citations omitted).

Petitioner argues the stop and search violated the Fourth Amendment because the law enforcement officers committed perjury and therefore the evidence discovered as a result of the search should not have been admitted at trial. (Petition at 5–6, Example 8 at 5, ECF No. 1-8.) Petitioner does not challenge the state procedures that govern the prosecution of his Fourth Amendment argument. Indeed, the record establishes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment argument: he had a hearing and presented written argument in the Superior Court; he also presented written and oral argument to the Law Court on his appeal. Accordingly, under *Stone*, Petitioner is not entitled to federal habeas relief on his claim that evidence obtained after an alleged unlawful stop and search was admitted at trial.

## C.      Judicial Bias Claim

Petitioner questions the impartiality of the trial judge and alleges that due to the impartiality, he was deprived of a fair trial.  (Petition at 6–7; Example 16 at 2, ECF No. 1-16.)  Because the Due Process Clauses of the Fifth and Fourteenth Amendments "establish[] a constitutional floor" for the conduct of judges, "in most cases, questions of judicial impartiality and recusal are answered by "common law, statute, or the professional standards of the bench and bar."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also*, *Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (discussing statutory rules for federal judges to avoid the appearance of bias).  Due process "requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case."  *Bracy*, 520 U.S. at 904.

Petitioner procedurally defaulted his impartiality argument by failing to raise it in state court.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("there is a procedural default for purposes of federal habeas" review if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred").  Even if Petitioner could pursue the argument here, the argument lacks merit.

In support of his impartiality due process claim, Petitioner (1) asserts the judge conspired with a court reporter to falsify a transcript, (2) faults the judge for an analogy to the permissibility of a belt-and-suspenders approach to laying the foundation for the admissibility of certain evidence, and (3) highlights the error on lesser included offense on count two as evidence of the judge's impartiality.  First, Petitioner offers no support for the

alleged transcription conspiracy.  *See United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993) (courts reviewing postconviction filings need not assume the truth of "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets").  In addition, Petitioner has not offered and there is no apparent reason why the judge's analogy reflects bias or was incorrect on the legal issue it addressed.  Finally, a judicial error, such as the lesser included offense determination, does not imply bias. A disagreement with a legal ruling, without more, will "almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).[5]

In sum, Petitioner's judicial bias allegations against the trial judge lack merit and thus do not warrant relief.

---

[5] To the extent Petitioner asserts a standalone due process claim on the lesser included offense issue, (Example 4 at 2, ECF No. 1-4), relief is not warranted because the state court corrected the error.  Contrary to Petitioner's argument, however, the fact that the state only had direct evidence that he possessed the drugs does not mean the Superior Court acquitted him of trafficking because under Maine law, trafficking can be inferred from possession if the quantity is large enough.

The quantity of cocaine base that Petitioner possessed was large enough for the Superior Court to infer that Petitioner was trafficking.  There was no lesser included offense issue as to Count One.  Petitioner was convicted of the offense charged in the indictment.  The quantity of heroin that Petitioner possessed was not large enough for the Superior Court to infer that Petitioner was trafficking. The Superior Court convicted Petitioner for the related but not identical act of possession of a controlled substance, which was not listed in the indictment under Count Two.  "It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him," but this rule does not prohibit conviction for a different offense if the different offense was "necessarily included in the offense charged."  *Schmuck v. United States*, 489 U.S. 705, 715–717 (1989); *see also*, *United States v. Santana*, 70 F.3d 1253, 1995 WL 703499 at *1 (1st Cir. 1995).  Therefore, the validity of the Superior Court's conviction on Count Two turned on whether the crime of possession is "necessarily included" in the crime of trafficking under Maine law.  The Law Court vacated the heroin possession conviction because under Maine law, the crime of trafficking does not necessarily include the crime of possession.  Petitioner is not entitled to any further relief because there was no such error as to Count One.

**D.      Other Claims**

To the extent Petitioner intended to raise other claims, the claims lack merit.

Petitioner alleges law enforcement perjury and spoliation of evidence concerning the

photograph violated his due process rights.  (Petition at 6; Example 8 at 6, ECF No. 1-8.)

Petitioner procedurally defaulted the claims by failing to raise them in the state court

proceedings.  *Coleman*, 501 U.S. at 735 n.1.  Even if the claims were not procedurally

defaulted, the record would not support a perjury or spoliation finding.  *See McGill*, 11

F.3d at 225.

CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under

Rule 8 of the Rules Governing Section 2254 Cases.  I recommend the Court dismiss

Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a

certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases

because there is no substantial showing of the denial of a constitutional right within

the meaning of 28 U.S.C. § 2253(c)(2).

**NOTICE**

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered
pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district
court is sought, together with a supporting memorandum, within fourteen
(14) days of being served with a copy thereof. A responsive memorandum
shall be filed within fourteen (14) days after the filing of the objection.
Failure to file a timely objection shall constitute a waiver of the right to de
novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison

Dated this 10th day of March, 2021.                    U.S. Magistrate Judge

12